IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| George Stanley, On Behalf of Himself and Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>Roper St. Francis Mount Pleasant Hospital, Bon Secours-St. Francis Xavier Hospital, Inc., Roper Hospital Inc., Roper St. Francis Berkeley Hospital Inc., collectively d/b/a, Roper St. Francis Health Care and/or alternatively collectively d/b/a, Bon Secours St. Francis Health Systems<br><br>Defendants. | CIVIL ACTION NO.: 2:20-cv-4505-BHH<br><br><br>COLLECTIVE ACTION COMPLAINT<br>(Jury Trial Requested) |

Plaintiff George Stanley, individually and on behalf of himself and all others similarly situated employees, by undersigned counsel, alleges the following claims against the Defendants Roper St. Francis Mount Pleasant Hospital Inc., Bon Secours-St. Francis Xavier Hospital Inc., Roper Hospital Inc., and Roper St. Francis Berkeley Hospital Inc., d/b/a, Roper St. Francis Healthcare ("RSFH") and/or alternatively collectively d/b/a, Bon Secours St. Francis Health Systems ("Bon Secours Health Systems")

**NATURE OF CLAIMS**

1.      Even while Plaintiff and similarly hospital workers risked their lives during the pandemic to care for the sick, Defendants engaged in systematic wage theft by depriving them of straight time and overtime compensation in violation of state and federal law. Moreover, when Plaintiff complained about the wage theft, he was terminated.

2. Plaintiff alleges the Defendants violated the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq, ("FLSA") and he brings this action as a collective action pursuant to 29 U.S.C. §216(b), individually and on behalf of other similarly situated employees who suffered damages.

3. Plaintiff also bring this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for unpaid wages, treble damages, and other relief under the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10, et seq. ("SCPWA")

4. Plaintiff also alleges the Defendants terminated him because he engaged in protected activity by complaining about the wage theft. Accordingly, Plaintiff also brings an individual claim for unlawful retaliation pursuant to 29 U.S.C. § 215(a)(3), of the FLSA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 1367, 2201, and 2202.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

7. The Defendants are subject to jurisdiction in the State of South Carolina.

8. Plaintiff George Stanley ("Mr. Stanley") is over the age of eighteen (18) and is a resident of Charleston County, South Carolina.

9. Defendant Roper St. Francis Mount Pleasant Hospital Inc., is health care provider organized as a non-profit corporation that is registered with the South Carolina Secretary of State.

10. Defendant Bon Secours-St. Francis Xavier Hospital is health care provider organized as a non-profit corporation that is registered with the South Carolina Secretary of State.

11. Defendant Roper Hospital Inc. is health care provider organized as a non-profit corporation that is registered with the South Carolina Secretary of State.

12. The Defendants conduct activities for business purposes, and operate with substantial competition from other hospitals, doctors' offices, emergency facilities and thus are organized for a business purpose.

13. The Defendants are enterprises under which "the activities performed by any person or persons in connection with the activities of a public agency shall be deemed to be activities performed for a business purpose." 29 U.S.C. § 203(r)(2)(C).

14. The annual gross sales volume of the Defendants' business is more than $500,000.00 per year at all times material hereto.

## CLASS CLAIMS

15. Plaintiff brings this action on behalf of two classes of employees with whom he is similarly situated. Plaintiff is seeking a SCPWA class and a FLSA class. These classes are:

> *All hourly non-exempt hospital workers that have had occasion to work less than forty (40) hours in a workweek and who had time deducted for meal breaks they did not receive, either in whole or in part, which resulted in not being paid straight time for all hours worked within three years prior to the commencement of this action; and*

> *All hourly non-exempt hospital workers that have had occasion to work more than forty (40) hours in a workweek and who had time deducted for meal breaks they did not receive, either in whole or in part, which resulted in not being paid for all overtime wages within the three years prior to joining this action.*

16. As set forth in the preceding paragraphs, Plaintiff brings this action individually and as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all similarly situated hospital workers who were not paid by Defendants for the time they worked during their uncompensated meal break.

17. The persons in the proposed SCPWA Rule 23 Class are so numerous that joinder of all the proposed SCPWA Rule 23 class members is impracticable. While the precise number of

class members has not been determined, upon information and belief, Defendants have employed numerous individuals in the proposed class during the applicable limitations period. Plaintiff and the proposed SCPWA Rule 23 class have been similarly affected by Defendants' unlawful timekeeping practices and violations of law.

18. There are questions of law and fact common to the proposed SCPWA Rule 23 class that predominate over any questions solely affecting individual members of the proposed class, including but not limited to:

   i. Whether Plaintiff, like the other proposed SCPWA Rule 23 class members, was subjected to Defendants' unlawful timekeeping practices, resulting in its failure to compensate them for all hours worked in violation of SCPWA law;
   ii. Whether Plaintiff and the proposed SCPWA Rule 23 class have sustained similar injuries because of Defendants' actions;
   iii. Whether Defendants violated SCPWA by failing to pay current and former employees for all hours worked;
   iv. The amount of damages sustained by the proposed SCPWA Rule 23 class;
   v. Whether Defendants should be enjoined from such violations in the future.

19. Plaintiff's claims are typical of those of the proposed SCPWA Rule 23 class. Plaintiff like the other SCPWA Rule 23 class members, was subjected to Defendants' unlawful practices, resulting in its failure to compensate them for all hours worked in violation of SCPWA. Plaintiff and the proposed SCPWA Rule 23 class have sustained similar damages because of Defendants' policies and practices.

20. Plaintiff will fairly and adequately protect the interests of the SCPWA Rule 23 Class, and has retained counsel experienced in wage and hour class action litigation.

21. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

22. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants such as the ones in these action. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

24. Plaintiff intends to send notice to the proposed SCPWA Rule 23 Class to the extent required by Fed. R. Civ. P. 23(b)(3).

25. Defendant has willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in the Complaint in ways including, but not limited to, failing to pay employees proper overtime compensation for all hours worked in excess of forty in a workweek.

26. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and other similarly situated hospital workers; and, as such, notice should be sent to the FLSA Collective Class. There are numerous similarly situated current and former employees of Defendants who have suffered from the common policies and plans of Defendants, including who would benefit from the issuance of a Court supervised notice of the present lawsuit and the

opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' payroll and timekeeping records.

## FACTS

27. Mr. Stanley was employed by the Defendants from approximately August of 2015 until his retaliatory termination on September 29, 2020. Mr. Stanley was a dedicated and devoted Respiratory Therapist.

28. During the pandemic, Plaintiff and similarly situated hospital workers, voluntarily worked extra shifts, sometimes working 12 hour shifts for 7 days straight. They risked their own health and the health of their loved ones to care for those in the Charleston community who were hospitalized due to COVID. Despite this, Defendants engaged in widespread and systemic wage theft by taking deductions for meal breaks they knew Plaintiff and similarly situated hospital workers did not receive because they were caring for patients.

29. The Defendants are hospitals doing business throughout Charleston County and the state as RSFH and/or Bon Secours Health Systems. ("RSFH"). https://www.rsfh.com/

30. RSFH and/or Bon Secours Health Systems hold themselves out to be the Lowcountry's second-largest private employer. It has four flagship hospitals and approximately 117 facilities. In addition, RSFH has almost 1,000 doctors and it provided services five counties. https://theorg.com/org/carealliance-health-services-inc

31. Defendant Roper St. Francis Mount Pleasant Hospital Inc. has approximately 85 beds and is located at 3500 N Hwy 17, Mt Pleasant, SC 29466.

32. Defendant Roper Hospital Inc. has approximately 332 beds, and is located at 316 Calhoun Street Charleston, SC.

33. Defendant Bon Secours St. Francis Hospital Inc. has approximately 190 beds and

is located at 2095 Henry Tecklenburg Drive; Charleston, SC.

34. Defendant Roper St. Francis Berkeley Hospital Inc., has approximately 50 beds located at 100 Callen Blvd Summerville, SC 29486.

35. Defendants are joint employers under the FLSA and SCPWA wage laws such that they are jointly and severally liable for the violations set forth in this Complaint because RSFH owns, operates, and controls the hospitals including instituting centralized management, common payroll practices, common human resources practices, and compliance oversight.

36. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or any potential class members.

37. Defendants willfully violated the FLSA by filing to pay Plaintiff and similarly situated hospital workers all wages due including overtime premiums for hours accrued beyond forty (40) in a workweek

38. Within the last three years, Plaintiff worked in all the Defendants hospitals. Defendants' policy and procedures regarding meal breaks were the same in each hospital.

39. Plaintiff's primary duty was to give patients oxygen, manage ventilators, administer drugs to the lungs and respond to emergency calls for patients struggling to breathe.

40. Plaintiff and similarly situated hospital workers had an employment agreement with the Defendants, whereby the Defendants agreed to pay them an hourly rate for all hours worked.

41. Plaintiff and similarly situated hospital workers had an employment agreement with Defendant that they would be paid consistent with federal and state laws.

42. Plaintiff similarly situated hospital workers were paid an hourly rate and were non-exempt employees.

43. Plaintiff and similarly situated hospital workers were not compensated for their meal breaks.

44. RSFH and/or Bon Secours Health Systems had a policy of requiring Plaintiff and similarly situated hospital workers to work during their uncompensated meal break.

*45.* In fact, Defendants have previously been sued for wage theft in *Barrett v. Bon Secours St Francis Xavier Hospital Inc et al 2:17-cv-02298-DCN*.

46. Defendants under-recorded Plaintiff's and similarly situated hospital workers' hours by making deductions from their pay for meal breaks they had not actually taken.

47. The Defendants deducted thirty (30) minutes from Plaintiff's as well as similarly situated hospital workers hours each shift regardless of whether they had a bona fide meal break.

48. Plaintiff and similarly situated hospital workers regularly worked on the COVID unit. When they were assigned to the COVID unit, Plaintiff and similarly situated hospital workers were required to continuously monitor patients and they were not allowed to leave the unit, until the end of their shift. Thus, when they were assigned to the COVID unit, Plaintiff and similarly situated hospital workers were performing work during their meal break. Despite this, Defendants did not compensate Plaintiff and similarly situated hospital workers for their meal breaks.

49. Even when they not assigned to the COVID unit, Plaintiff and similarly situated hospital workers often did not receive, either in whole or in part, a bona fide meal break because they required to respond to all calls immediately.

50. Plaintiff and similarly situated hospital workers were required to carry a hospital cell phone with them on their meal breaks and respond immediately to all calls.

51. Plaintiff and similarly situated hospital workers were not allowed to leave the building on their meal breaks.

52. Plaintiff as well as other similarly situated hospital workers were continuously interrupted during their meal breaks. In fact, they were interrupted to the extent that meal period was predominately for the benefit of RSFH.

53. Plaintiff as well as similarly and situated hospital workers regularly worked, either in whole or in part, during their unpaid meal breaks.

54. In some workweeks, this caused Plaintiff and other similarly situated hospital workers to work more than forty (40) hours without receiving overtime compensation for the hours beyond forty (40) in that week. In other workweeks, this caused Plaintiff and similarly situated employees to perform work without receiving their hourly rate of pay for all hours worked between their normally scheduled hours and the threshold for overtime.

55. Defendants' policy and practice requiring Plaintiffs and other similarly situated employees to work through their uncompensated meal breaks denied them straight time and overtime pay. The net effect of Defendants' policies and practices is that Defendants failed to pay both regular pay and, in many cases, overtime premiums to save payroll costs and taxes.

56. Defendants' policy and practice were to willfully deny its hourly, non-exempt employees overtime pay for all hours worked including hours worked beyond forty (40) in a workweek.

57. The Defendants maintained the same policies and practices for all similarly situated employees at all their hospitals.

58. Plaintiff and other similar situated hospital workers were usually not able to take a bona fide meal break, such that they could pursue private or personal pursuits such as relaxing or eating.

59. Plaintiff and other similar situated employees were unable to pursue their mealtime

adequately and comfortably, because they were engaged in the performance of substantial duties. Moreover, their mealtime was spent time predominantly for RSFH's benefit.

60.     Plaintiff and other similar situated employees were not relieved of duty during their meal breaks.

61.     The conditions that were placed upon Plaintiff and other similarly situated hospital workers during their meal breaks were so restrictive that their meal time could not be reasonably or effectively utilized for their benefit.

62.     At all times, relevant to this Complaint, Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week and Defendants failed to compensate them at a rate of one and one-half times their regular hourly wage.

63.     Before the pandemic, Plaintiff and similarly situated hospital workers regularly worked one and a half (1.5) hours each week without receiving compensation.

64.     Since the pandemic, Plaintiff and similarly situated hospital workers regularly worked between two hours (2) and three and half hours (3.5) each week without receiving compensation.

65.     Defendants paid Plaintiff and all similarly situated hospital workers a flat hourly rate throughout their employment.

66.     Plaintiff and other similarly situated employees were non-exempt from the overtime compensation provisions of the FLSA.

67.     Plaintiff's supervisors were aware that Plaintiff and other similarly situated hospital workers were performing work during their meal breaks without being paid. The work performed during their meal breaks was during operational hours, in full view of their supervisors and other management employees. Moreover, it was Defendants' policy and practice to require Plaintiff and

Collective Action Complaint
Stanley v. Bon Secours-St. Francis Xavier Hospital

similarly situated hospital workers to respond to calls as well as to monitor patients throughout their meal breaks.

68. Plaintiff complained verbally to his supervisors that he was frequently working through his meal break and was not getting compensated. Despite his complaints, RSFH continued this policy and practice.

69. Plaintiff's supervisors responded to Plaintiff's complaints, by telling him, if he wanted to keep his job he should adhere to their meal break policy.

70. In addition to complaining to supervisors, in September of 2020 Plaintiff complained vocally to a co-worker. He told the co-worker he was going to sue RSFH and/or Bon Secours Health Systems to recover his unpaid wages.

71. Plaintiff's complaints to his supervisors and co-worker were sufficiently clear and detailed for the Defendants to understand the nature of the complaint, and that it constituted protected activity under the FLSA's anti-retaliation provision.

72. Upon information and belief, the co-worker reported what Plaintiff had said to Plaintiff's supervisor, because within days of his complaint, the co-worker he complained to was promoted and Plaintiff was terminated.

73. Defendants claim they terminated Mr. Stanley because he accessed the electronic file of patient on another floor for 13 seconds. Plaintiff reported he had no memory of doing this and it must have been inadvertent. Despite this Defendants terminated him.

74. Upon information and belief, the reason Defendants provided for Plaintiff's termination were false and were manufactured by Defendants to cover-up their retaliatory motives. The true reason Mr. Stanley was terminated was because he complained about working through his uncompensated meal break and he threaten to file a lawsuit.

75. Prior to this incident, Plaintiff had never been formally disciplined. At all times, relevant to this Complaint, Plaintiff was a good and faithful employee of Defendants, and he performed the essential functions of his job in an exceptional and competent manner.

76. Upon information belief, other similarly situated hospital workers had engaged in far more egregious conduct and were not terminated. For instance, one employee admittedly accessed a patient's confidential medical records to obtain the patient's address because she was romantically interested in the patient. This employee received a suspension and was not terminated.

77. Defendants retaliated against Plaintiff by terminating him, because he complained about violations of the FLSA.

78. Because of Defendants' retaliatory conduct Plaintiff has suffered emotional damages. Plaintiff feels humiliated and embarrassed about being terminated.

## FOR A FIRST CAUSE OF ACTION
(Fair Labor Standards Act–Failure to Pay Overtime Wages)
(Individual and Collective Action

79. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as if restated herein verbatim.

80. Plaintiff, on behalf of himself and other similarly situated hospital workers, brings this collective action consisting of all non-exempt employees who have worked in any of Defendants' hospitals and were not paid overtime wages for all hours worked.

81. Plaintiff signed a consent form pursuant to 29 U.S.C. 216(b) attached to the Complaint as Exhibit A.

82. Plaintiff and other similarly situated hospital workers were employees of Defendants for purposes of the FLSA during times relevant to this Complaint.

83. Defendants failed to pay Plaintiff and other similarly situated hospital workers for all compensable time for which Plaintiff provided work for the benefit of Defendants.

84. Plaintiff and other similarly situated hospital workers are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

85. The failure of Defendants to compensate Plaintiff and other similarly situated hospital workers for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

86. Plaintiff and other similarly situated hospital workers are also entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

87. Defendants have unlawfully withheld wages from Plaintiff, and all similarly situated hospital workers. Accordingly, Defendants are jointly and severally liable to Plaintiff and class members pursuant to 29 U.S.C. §216(b) for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, the employer's share of FICA, state unemployment insurance, and any other required employment taxes, pre-judgment and post judgment interest, reasonable attorneys' fees, and costs of this action.

**FOR A SECOND CAUSE OF ACTION**
(South Carolina Payment of Wages Act)
(Individual and Class Action)

88. Plaintiff, on behalf of himself and all similarly situated hospital workers, realleges and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

89. Defendants are "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

90. Defendants employed Plaintiff and similarly situated hospital workers within the State of South Carolina.

91. Defendants owe Plaintiff and similarly situated hospital workers "wages" as defined in §41-10-10(2) of the SCPWA, to compensate them for labor rendered to Defendants.

92. Defendants regularly required Plaintiff similarly situated hospital workers to work through their uncompensated meal breaks and did not pay them for all service rendered for the benefit of Defendants.

93. Plaintiff and similarly situated hospital workers were not paid between their normally scheduled hours and the threshold for overtime.

94. Defendants hired and employed Plaintiff and similarly situated hospital workers at a fixed hourly wage rate. Defendants had an employment agreement with Plaintiff and similarly situated hospital workers whereby the Defendants agreed to compensate Plaintiff and similarly situated hospital workers their hourly rate of pay for all hours worked.

95. Defendants violated their employment agreement with Plaintiff and similarly situated hospital workers by failing to pay them for all hours worked.

96. In the last three years, Plaintiff and similarly situated hospital workers regularly worked during their uncompensated meal break and did not receive compensation from Defendants. Thus, Defendants have failed to pay Plaintiff and similarly situated hospital workers all wages due, as required by Sections 41-10-40 and -50 of the Act.

97. Defendants' failure to pay Plaintiff and similarly situated hospital workers wages due is willful.

98. Defendants are liable to Plaintiff and similarly situated hospital workers for the damages incurred because of Defendants' failure to pay them for their off-the-clock-work.

99. Pursuant to Section 41-10-80(C) of the SCPWA, Plaintiff and similarly situated hospital workers are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, or their wrongfully deducted wages, plus costs and reasonable attorney's fees

**FOR A THIRD CAUSE OF ACTION**
**(FLSA–Retaliation)**
**(Individual Action)**

100. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101. Plaintiff engaged in "protected conduct" by complaining to his supervisors and co-workers about FLSA violations.

102. Defendants did nothing to rectify the wage and hour violations that Plaintiffs complained about herein.

103. As a result of engaging in protected activity, Plaintiff suffered adverse employment action.

104. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff by terminating him because he verbally complained to his supervisors and co-workers about violations of the FLSA.

105. Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

106. Defendants are subject to liability pursuant to 29 U.S. C. §§203(e)(l) and 215(a)(3) for the retaliatory conduct.

107. Defendants discriminated against Plaintiff because of his protected conduct.

108. Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

109. Because of Defendants' willful violations of the FLSA, Plaintiff is entitled to recover from Defendants for front-pay, back-pay, emotional damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff individually and on behalf of himself and all others similarly situated hospital workers who join this action demand:

a. Designation of this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216 (b);

b. Judgment against Defendants that they violated the FLSA by failing to pay overtime wages;

c. Judgment against Defendants that their violations of the FLSA and its implementing regulations were willful;

d. An award against Defendants in the amount the unpaid overtime compensation owed to Plaintiff and similarly situated employees;

e. An award of liquidated damages in an amount equivalent to the overtime damages, and unpaid minimum wages owed to Plaintiff and similarly situated employ;

f. Judgment against Defendants that they violated the retaliation provisions of the FLSA by terminating Plaintiff;

g. Judgment against the Defendants for emotional and compensatory damages;

h. Designation of this action as Rule 23 class pursuant to the Federal Rules of Civil Procedure;

i. Judgement against the Defendants that they violated SCPWA, S.C. Code Ann § 41-10-10, *et seq*;

j. An award of unpaid wages in the amount of straight wages owed to Plaintiff similarly situated hospital workers, under the SCPWA § 41-10-10, *et seq*;

k. An award of treble damages against Defendants in favor of Plaintiff and similarly situated hospital workers pursuant to the SCPWA, S.C. Code Ann § 41-10-10, *et seq*;

l. Attorney's fees and costs; and

m. Enjoining the Defendants from committing continued violations of state and federal wage laws;

n. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff Stanley on behalf of himself and all other similarly situated employees hereby demands a trial by jury

Respectfully submitted,

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq.
Fed. ID No. 11162
Mullaney Law, LLC
652 Rutledge Ave Ste A
Charleston, South Carolina 29403
(843) 588-5587 (Phone)(Facsimile)
marybeth@mullaneylaw.net

*Attorneys for Plaintiff*